UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ANDY ALEX ORE FALCON,<br><br>       Petitioner,<br><br>   v.<br><br>WOFFORD, et al.,<br><br>       Respondents. | No. 1:26-cv-00181-WBS-EFB<br><br>MEMORANDUM AND ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

----oo0oo----

Before the court is petitioner's motion for temporary restraining order.  Petitioner requests that this court order relief on one -- and only one -- ground:  that he is a member of the nationwide, declaratory relief class in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873 SSS BFM (C.D. Cal. Dec. 18, 2025), and is therefore entitled to the relief ordered in that action.  (See Docket No. 2 at 5-7.)  Specifically, petitioner requests this court to order his immediate release from custody, purportedly pursuant to the Maldonado Bautista court's orders in

1

that litigation.  (See id. at 7, 9.)

At oral argument, counsel for respondents retreated from his earlier position that Judge Sykes' order in Maldonado Bautista entitled "Final Judgment" is not legally final (Docket No. 6 at 1), and acknowledged that it does in fact constitute a final judgment.  It was also agreed that petitioner is a member of the class certified in Maldonado Bautista.  Accordingly, the sole issue this court must now address is whether petitioner is entitled to have this court enforce the relief ordered in that action.

I.   The Maldonado Bautista Litigation

After preliminary proceedings in Maldonado Bautista, on December 18, 2025, Judge Sykes issued an order granting declaratory relief to members of the class previously certified. See Bautista v. Santacruz, No. 5:25-cv-01873 SSS BFM, --- F. Supp. 3d ----, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  As part of that order, the court (1) declared that the Department of Homeland Security ("DHS")'s new policy of deeming noncitizens arrested in the United States and charged with being inadmissible as "applicant[s] for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) conflicted with the text of the Immigration & Nationality Act("INA"), and (2) vacated that policy under the Administrative Procedure Act ("APA").  See id.  The court also entered a corresponding final judgment.  See id.

II.  Standard for Issuing Temporary Restraining Order

"The standard for a [temporary restraining order] is the same as for a preliminary injunction."  Rovio Entm't Ltd. v.

2

Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).  Typically, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors "merge when the Government is the opposing party."  Nken v. Holder, 556 U.S. 418, 435 (2009).

Likelihood of success on the merits is "the most important factor in determining whether a preliminary injunction is warranted."  Garcia v. County of Alameda, 150 F. 4th 1224, 1230 (9th Cir. 2025) (internal citations and quotation marks omitted).  "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this extraordinary remedy."  Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation omitted).  A mere possibility of success is insufficient to satisfy this factor; instead, a petitioner must demonstrate "a strong likelihood of success on the merits."  Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113, 1120 (9th Cir. 2005).  For the following reasons, the court finds that petitioner is not likely to succeed on the merits of his claim that because he is a member of the Maldonado Bautista class, he is entitled to the relief ordered in that action here.

III. Discussion

First, when one agrees to participate in a class action, he is generally precluded from seeking the relief he seeks in the class action by pursuing an individual action. See, e.g., Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979). Were it not for this principle, the fundamental purpose of class actions -- to "join multiple parties with similar or identical claims, so that they may seek redress in an efficient and expeditious manner" -- would completely unravel. See Cummings v. Connell, 402 F.3d 936, 944 (9th Cir. 2005), amended, No. 03-17095, 2005 WL 1154321 (9th Cir. May 17, 2005). The court will not be a party to any such unraveling by permitting petitioner to pursue relief both as a class member and as an individual habeas petitioner.

Further, as Judge Hendrix in the Northern District of Texas thoroughly discussed in Calderon Lopez v. Lyons, --- F. Supp. 3d ----, 2025 WL 3683918 (N.D. Tex. Dec. 19, 2025), there are myriad, additional reasons why other courts are not bound by the final judgment entered in the Maldonado Bautista litigation. The petitioner in Calderon Lopez, like petitioner here, argued that "because he is a member of the [Maldonado Bautista] class, he should prevail" on his habeas petition before the Northern District of Texas. Calderon Lopez, 2025 WL 3683918, at *1. Rejecting petitioner's argument, Judge Hendrix held that the court was not bound by the Maldonado Bautista court's orders. See id. In the following discussion, this court emphasizes and elaborates upon some of the reasons identified by Judge Hendrix

4

for why the Maldonado Bautista court's orders are not binding here.

      First, the Maldonado Bautista court lacked jurisdiction to grant petitioner's requested habeas relief. See Calderon Lopez, 2025 WL 3683918, at *13. This is because the Supreme Court has established that "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 8 U.S.C. § 2241). That "jurisdiction lies in only one district: the district of confinement." Id. at 443. Neither party disputes that petitioner is detained within the Eastern District of California, not the Central District of California.

      To hold otherwise, as Judge Hendrix aptly put it, would enable petitioners to "continue to sue in the district of their confinement, but the nationwide class [would] require[] that the local federal district judge accept the Central District's declarations of law as binding." Calderon Lopez, 2025 WL 3683918, at *13. That would be doubly concerning here because this court has repeatedly disagreed with the legal conclusions reached by the Maldonado Bautista court. See, e.g., J.E.P.M v. WOFFORD, et al., No. 1:26-cv-00316 WBS CKD, 2026 WL 125270, at *2 (E.D. Cal. Jan. 16, 2026).

      Another judge, in the District of Nebraska, has also followed Judge Hendrix's approach. As Judge Buescher noted in Alberto Rodriguez v. Jeffreys, No. 8:25-cv-714, 2025 WL 3754411, at *9 (D. Neb. Dec. 29, 2025), "the Central District of California never had jurisdiction over [petitioner's] habeas

5

action, even if he fit the definition of an eligible class member, and this Court is certainly not bound by any decision of the court in Maldonado Bautista." Indeed, "[t]he fact that a District Judge in California interpreted the law differently on a summary judgment motion than the undersigned has does not somehow usurp or overrule all other judges in the United States Federal Courts, like this one, who see the issue differently. That decision is no more binding on this Court than any other district court decision that disagrees with this Court's interpretation of the applicable statutes." Ramirez Melgar v. Bondi, No. 8:25-cv-555, 2025 WL 3496721, at *14 (D. Neb. Dec. 5, 2025).

Second, the judgment entered in Maldonado Bautista is not binding on this court because it contravenes Supreme Court precedent for another, more concerning reason. The nationwide declaratory relief issued in Maldonado Bautista is tantamount to a universal injunction that purports to bind individuals who were not parties to that action, and the power to issue such relief "likely exceed[s] the equitable authority that Congress has granted to the federal courts." Trump v. CASA, 606 U.S. 831, 837 (2025); see Calderon Lopez, 2025 WL 3683918, at *13 (discussing Trump v. CASA).

In Trump v. CASA, the Supreme Court confirmed that federal district courts lack the authority to issue equitable relief as to non-parties. 606 U.S. at 850-51. Recall that the proper respondent in the Maldonado Bautista action was the warden of the Adelanto, California detention facility. But, consistent with the procedural requirements of habeas litigation, the proper

6

respondent in the present action is the warden of the Mesa Verde, California detention facility.[1] Faithfully applying Trump v. CASA, the Maldonado Bautista court's order directing the warden of the Adelanto facility to implement equitable relief cannot bind the warden of the Mesa Verde facility, who was not a party to the Maldonado Bautista action, here. See Trump v. CASA, 606 U.S. at 850-51. To reach the opposite conclusion would impermissibly place this court at-odds with the Supreme Court by defying the "elementary principle" that "a court cannot adjudicate directly upon a person's right without having him either actually or constructively before it." Gregory v. Stetson, 133 U.S. 579, 586 (1890); see also Trump v. CASA, 606 U.S. at 843-44.

IV.  Conclusion

For the foregoing reasons, petitioner has failed to demonstrate a likelihood of success on the merits of his claim that this court is bound by the orders in the Maldonado Bautista litigation.[2] That being the case, the court "need not consider the other [preliminary injunction] factors." California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for a temporary restraining order (Docket No. 2) be, and the same

---

[1] Habeas petitioners, such as Ore Falcon, must "name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." Doe v. Garland, 109 F.4th 1188, 1197 (9th Cir. 2024) (citing Padilla, 542 U.S. at 435).

[2] The court reiterates that petitioner has not made any other claims in his motion for temporary restraining order. (See Docket No. 2.)

7

1 | hereby is, DENIED.

        Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

        IT IS SO ORDERED.

Dated: January 22, 2026

WILLIAM B. SHUBB  
UNITED STATES DISTRICT JUDGE

8